IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY CARTER | § | |
| | § | |
| vs. | § | CIVIL CASE NO. _____ |
| | § | JURY TRIAL REQUESTED |
| | § | |
| LUMINANT POWER | § | 3-10CV1486-L |
| SERVICES COMPANY | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, ANTHONY CARTER, complains of LUMINANT POWER SERVICES COMPANY, Defendant, and files this Plaintiff's Original Complaint alleging as follows:

### I. Nature of the Case

1. Plaintiff brings this action against Defendant under § 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et. seq.*, for Defendant's unlawful employment practices and retaliation committed against Plaintiff, including Defendant's discriminatory treatment, harassment, and/or unlawful retaliation of Plaintiff, because of race, and complaints of, and/or opposition to, racial discrimination.

### II. Parties and Service of Process

2. Plaintiff is an individual who resides in Texas.

3. Defendant, LUMINANT POWER SERVICES COMPANY, is a corporation with its principal place of business located in Dallas, Dallas County, Texas, and may be served with citation by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

### III. Jurisdiction & Venue

4. This Court has jurisdiction over this suit because Plaintiff's causes of action arise under federal law.

(a) *Title VII, Race Discrimination*, 42 U.S.C. § 2000e-2, *et. seq.* (hereinafter referred to as "Title VII"). At all relevant times, Plaintiff was an employee as defined under Title VII and Defendant was an employer as defined under Title VII. Defendant had the requisite number of employees required by Title VII. Defendant violated Title VII and damaged Plaintiff as described below.

(b) *§1981, Race Discrimination*, 42 U.S.C. § 1981 (hereinafter referred to as "Section 1981"). Plaintiff is a black person who belongs to the "African-American" race. He is a citizen of the United States of America and his rights under the law have been violated by Defendant based on his race as described below.

5. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because Defendant resides in Dallas County by having its principal place of business in that county and being subject to personal jurisdiction in the District at the time when Plaintiff's causes of action commenced. Venue is also proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims and causes of action occurred in Dallas County. Plaintiff had extensive communications with a number of employees in Defendant's corporate office in Dallas. Plaintiff voiced race discrimination complaints to the HR Department of Defendant in Dallas and was retaliated against.

### IV. Factual Background

6. Plaintiff is a black person who belongs to the African-American race. He commenced his employment with Luminant Power Services Company (hereinafter "Defendant")

in or around December 2007 as a temporary support employee. Several months later Plaintiff discovered that Defendant was advertising job openings for full-time positions. Plaintiff sought to apply with human resources at the Big Brown Plant in Fairfield, Texas, but was informed that no such jobs existed. However, at this same time, Defendant had set up two interviews for Plaintiff's white co-workers. When Plaintiff confronted Defendant about these other interviews, Plaintiff was eventually allowed an interview and then hired for a full-time position.

7. Plaintiff attended Defendant's training academy in the spring of 2008. Plaintiff was the only African-American among the 60+ attendees. During the instruction time, several instructors targeted Plaintiff because of his race, either making comments directed toward him or treating him differently than his white co-workers. One instructor gleefully informed the entire class that only one person failed the exam, and further stated that that person was Plaintiff. When Plaintiff requested to review his exam, he discovered his test score had been altered to reflect a failing performance. Following Plaintiff's protest, Defendant subsequently corrected to reflect the actual passing grade.

8. After conclusion of the academy, Plaintiff, along with a group of co-workers, relocated to a hotel while working at a plant near College Station. While Plaintiff's white co-workers promptly received reimbursement for their meal and hotel expenses, Defendant delayed Plaintiff's reimbursement for over a month. When Plaintiff inquired as to the reason for the delay in payment, Defendant threatened Plaintiff with termination.

9. When Plaintiff began work at Defendant's Oak Grove Plant near Franklin, Texas, Plaintiff was the only African-American line worker and one of only two African-Americans in the entire plant. Plaintiff initially sought a transfer to another plant, but Defendant denied his request for a transfer. Shortly thereafter, Defendant granted the transfer request of one of Plaintiff's white co-workers. Defendant informed Plaintiff that he could not request a transfer.

Over the next 18 months, Plaintiff was further subjected to a racially hostile and intimidating work environment.

10. The conduct to which Plaintiff was subjected included, but was not limited to: requiring Plaintiff to complete tasks in significantly less time than white co-workers; receiving unfavorable work evaluations; disallowance of overtime work that white co-workers were allowed; denigrating comments to Plaintiff by a co-worker (in the presence of supervisors) about Plaintiff doing all the menial tasks; requiring Plaintiff to wash company trucks but not requiring white co-workers to do the same; requiring Plaintiff to use vacation time for medical appointments; allowing white co-workers to have no-call/no-shows but not applying this policy to Plaintiff; comments from a co-worker over the radio about hanging Plaintiff; presence of a noose in the men's bathroom hanging from the ceiling; having Plaintiff's body targeted with a red laser beam as he left the control room; and approving Plaintiff's time off work but then reprimanding Plaintiff for using that same time.

11. Plaintiff reported most of the above conduct to his supervisors, but nothing was done. Plaintiff also complained to Defendant's human resource department and, as a result, began to experience further retaliation from Defendant. In fact, at one point Plaintiff asked his supervisor why he was being improperly reprimanded and his supervisor stated that it was because "people" make accusations that start an investigation, referring to Plaintiff's race discrimination complaints to corporate and the subsequent investigation. Plaintiff requested a transfer to another plant to escape the unlawful conduct, but Plaintiff was ignored.

12. Plaintiff subsequently filed a complaint with the Equal Employment Opportunity Commission (EEOC) in or around June 2009. Following this complaint, Defendant continued to retaliate against Plaintiff by assigning Plaintiff to less desirable work assignments for extended periods of time, forcing Plaintiff to do menial tasks not required of his white co-workers, and

refusing to teach Plaintiff job skills being taught to Plaintiff's white co-workers. Following months of wrongful retaliation, and while Plaintiff's EEOC complaint was still pending and being investigated by the EEOC, Defendant terminated Plaintiff on November 11, 2009, in retaliation for Plaintiff's participation in a protected activity, that is, opposing an unlawful employment practice and/or making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing. The reason offered by Defendant for Plaintiff's termination was not its true reason but was, in fact, a pretext for intentional race discrimination.

13. Following his termination, Plaintiff filed another timely complaint with the EEOC alleging race discrimination and retaliation. The EEOC issued Plaintiff a right to sue and this suit was filed.

## V. Causes of Action

### Race Discrimination/Retaliation under Title VII (42 U.S.C. § 2000e-2, et. seq.)

14. Title VII makes it an unlawful employment practice to discriminate against an individual because of race. Plaintiff is a black person who belongs to the identifiable group of United States citizens known as the African-American race. Defendant intentionally discriminated against Plaintiff because of race in violation of Title VII, as described above.

15. Plaintiff further alleges that, as a result of his complaints to Defendant and/or the EEOC, Defendant retaliated against Plaintiff by discriminatory treatment and/or termination of his employment, which violates Title VII.

### Race Discrimination/Retaliation under Section 1981 (42 U.S.C. § 1981)

16. Section 1981 prohibits race discrimination and retaliation in the making and enforcing of contracts. Plaintiff is a black person who belongs to the identifiable group of United

States citizens known as the African-American race. Defendant intentionally discriminated against Plaintiff because of race in violation of Section 1981, as described above.

17. Plaintiff further alleges that, as a result of his complaints to Defendant and/or the EEOC, Defendant retaliated against Plaintiff by discriminatory treatment and/or termination of his employment, which violates Section 1981.

## VI. Damages

18. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained a loss of past and future wages and benefits of employment.

19. Further, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

20. Plaintiff hereby sues for recovery of these damages to the full extent allowed by the above recited statutes.

## VII. Punitive Damages

21. Defendant's wrongful conduct, as described above, was done knowingly, intentionally, with malice and/or recklessly in violation of Plaintiff's federally protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant under Title VII and/or Section 1981.

## VIII. Attorneys' Fees

22. Plaintiff has also had to employ attorneys to vindicate his rights under the law, and seeks reasonable and necessary attorneys' fees and costs under Title VII and/or Section 1981, and any other applicable statute.

## IX. Administrative Prerequisites

23.     All conditions precedent to this suit have been performed or have occurred, including exhausting all required administrative remedies. Plaintiff timely filed a complaint against Defendant with the Equal Employment Opportunity Commission, as required by Title VII, and received his Notice of Right to File a Civil Action from the Equal Employment Opportunity Commission on or after May 6, 2010.

## X. Demand for Jury Trial

24.     Plaintiff hereby respectfully demands a trial by jury of all claims and issues in this cause.

WHEREFORE, Plaintiff, ANTHONY CARTER, respectfully requests that the Court issue citation for Defendant, LUMINANT POWER SERVICES COMPANY, to appear and answer, and that upon final trial, Plaintiff have and recover a judgment against Defendant, for all actual damages suffered and/or incurred by Plaintiff, for all equitable relief allowed by law, for exemplary damages in the amount determined by the jury, for pre-judgment and post-judgment interest at the highest rates allowed by law, for court costs, attorneys' fees, and for all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

SCANES, ROUTH & JAMES, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 (FAX)

BY: _____
Michael L. Scanes
State Bar No. 17701000

ATTORNEYS FOR PLAINTIFF

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Anthony Carter

**DEFENDANTS**
Luminant Power Services Company

**(b) County of Residence of First Listed Plaintiff** Freestone
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** Dallas County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number)**
Michael L. Scanes, Scanes Routh & James LLP, 7901 Fish Pond Road, Suite 200, P.O. Box 20965, Waco, Texas 76702-0965, 254-399-8788

**Attorneys (If Known)**

RECEIVED JUL 30 2010 U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

3-10CV1486-L

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 1981 and 42 USC § 2000e-2, et. seq.
Brief description of cause:
discrimination, harassment & retaliation because of race & complaints of and/or opposition to racial discrimination

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 07/27/2010
SIGNATURE OF ATTORNEY OF RECORD Michael L. S...

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____