IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY CARTER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1486-L |
| | § | |
| LUMINANT POWER SERVICES | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Defendant Luminant Power Services Company has filed a motion for protective order in connection with the deposition of one of its employees, Jerry Haun, which was unilaterally noticed by plaintiff for August 1, 2011 -- the last day of discovery. As grounds for its motion, defendant points out that Haun was identified as a potential fact witness in initial disclosures served on October 2010, and in documents produced in December 2010, but plaintiff never asked for his deposition. In fact, plaintiff did not take any depositions in this case until May 26, 2011, when he deposed two Luminant employees. Following those depositions, defendant asked opposing counsel for the names of any other employees he wanted to depose before the close of discovery on August 1, 2011. Five additional witnesses were identified by plaintiff, but not Haun. It was not until July 28, 2011 -- four days before the discovery deadline expired -- that plaintiff unilaterally noticed Haun for deposition on August 1, 2011. Defendant therefore seeks a protective order to prohibit plaintiff from taking this deposition. In response, plaintiff argues that he did not anticipate the need for Haun's deposition until another employee, Brian Barnett, was deposed on July 28, 2011.[1] At his deposition, Barnett

---

[1] Defendant initially agreed to produce Barnett for deposition on July 15, 2011, but later notified opposing counsel that the witness would not be available until July 28, 2011. (*See* Plf. Resp., Exh. 2).

disavowed any knowledge of a meeting that took place on or about September 29, 2009, during which he allegedly spoke on behalf of Caucasian co-workers and complained to his supervisor about plaintiff. According to documents produced during discovery, it appears that the supervisor to whom Barnett complained was Jerry Haun. (*See* Def. Mot., Exh. A). Because Barnett denied that this meeting ever took place, plaintiff contends that he needs to depose Haun about his conversation with Barnett.

Rule 26(c) authorizes the court to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). "A party seeking a Rule 26(c) protective order prohibiting deposition testimony . . . must establish good cause and a specific need for protection." *Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003), *citing Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir.), *cert. denied*, 111 S.Ct. 244 (1990). The moving party carries the burden of establishing a need for the protective order, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* at 133, *quoting United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). If the movant meets its burden, the court may issue an appropriate protective order, including an order "forbidding the disclosure or discovery[.]" FED. R. CIV. P. 26(c)(1)(A).

Judged against this standard, the court determines that defendant has not demonstrated "good cause" for an order prohibiting plaintiff from deposing Jerry Haun, a key fact witness. Although defendant identified Haun as a person with knowledge of relevant facts in October 2010, and produced documents in December 2010 describing a purported conversation between Haun and Brian Barnett, plaintiff had not intended to depose Haun until Barnett denied that the conversation ever took place. That occurred when Barnett was deposed on July 28, 2011. With only four days

left before the discovery deadline expired, plaintiff was forced to unilaterally notice Haun for a deposition on August 1, 2011.[2] Under these circumstances, plaintiff should be allowed to depose Haun.

## CONCLUSION

Defendant's motion for protective order [Doc. #22] is denied. Plaintiff may depose Jerry Haun on a date agreed to by the parties, and the discovery deadline is hereby extended for that limited purpose.

SO ORDERED.

DATED: August 15, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff offered to reschedule Haun's deposition for a more convenient time after the close of discovery, but defendant refused the offer.