**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY CARTER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1486-L** |
| | § | |
| **LUMINANT POWER SERVICES COMPANY**, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiff's Motion for Attorneys' Fees, filed February 10, 2012; and Plaintiff's Motion to Retax Costs, filed March 2, 2012. After careful consideration of the motions, responses, briefs, replies, and applicable law the court **denies** Plaintiff's Motion for Attorneys' Fees and **denies** Plaintiff's Motion to Retax Costs.

## I. Background

Anthony Carter ("Plaintiff" or "Carter") filed this action on July 30, 2010, against Luminant Power Services Company ("Luminant" or "Defendant"). Carter, who is African-American, contends that Luminant violated 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, *et. seq.*, by committing unlawful employment practices on the basis of his race. Plaintiff asserted claims of discrimination, retaliation, and harassment. On August 15, 2011, Luminant filed a motion for summary judgment, and the court granted the motion in part and denied it in part on December 6, 2011. In a sixty-one page opinion, the court determined that no genuine disputes of material fact existed as to Plaintiff's claims of discrimination; Plaintiff's claims of retaliation, except claims (5) and (6); and Plaintiff's claims of a racially hostile work environment.

The two claims of retaliation proceeded to a trial before the court and a jury on January 13, 18, 19, 20, 23, and 24, 2012. The jury returned its verdict on January 24, 2012.

In its verdict, the jury found that Plaintiff **proved** by a preponderance of the evidence that his protected activity was a motivating factor in Defendant's decision to place him on Step 3 discipline on November 7, 2009 (Question No. 1); that Plaintiff **did not prove** that his protected activity was a motivating factor in Defendant's decision to terminate his employment on November 11, 2009 (Question No. 2); that Defendant **proved** by a preponderance of the evidence that it would have made the same decision to place Plaintiff on Step 3 discipline and terminate him even if Defendant had not considered Plaintiff's protected activity (Question Nos. 3 and 4). Based on its answers to Question Nos. 2, 3, and 4 in favor of Luminant, the jury, as instructed by the court, did not answer the remaining questions of the charge.

In light of the court's ruling on summary judgment and the jury's verdict, the court issued a judgment ordering, adjudging, and decreeing that Carter take nothing against Luminant; that all claims against Luminant in this action were dismissed with prejudice; that, unless otherwise stated, all relief not granted or allowed herein was denied; that all allowable and reasonable costs of court were taxed against Carter; and that any party seeking attorney's fees was required to file an application in accordance with Rule 54(d)(2) of the Federal Rules of Civil Procedure.

## II. Plaintiff's Motion for Attorneys' Fees

### A. Contentions of the Parties

Carter contends that he is entitled to attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(g) because he proved that his protected activity was a motivating factor in Luminant's decision

to place him on Step 3 discipline, even though the jury found that Luminant would have made the same decision to place Carter on Step 3 discipline had it not considered Plaintiff's protected activity.

Luminant contends that no statutory basis exists to support Plaintiff's request for attorney's fees, that the applicable section of the statute does not apply to mixed-motive retaliation claims, and that an employer avoids liability if it prevails on the affirmative defense on which Luminant prevailed in this case. It requests the court to deny the motion for attorney's fees. The question raised by Plaintiff's motion is whether he is entitled to an award of attorney's fees and costs in a mixed-motive retaliation case.

**B. Discussion**

The court begins its analysis with the relevant statute, 42 U.S.C. § 2000e-5(g). This statute is part of the Civil Rights Act of 1991, which was enacted in part to overrule the Supreme Court's decision in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989). *Smith v. Xerox*, 602 F.3d 320, 327 (5th Cir. 2010) (footnote and citation omitted). In *Price Waterhouse*, a female sued under Title VII on the basis of sex discrimination because she had been denied a promotion to partner with the firm. The Court held that "an employer shall not be liable if it can prove that, even if it had not taken [an impermissible factor] into account, it would have come to the same decision regarding a particular person." 490 U.S. at 242. Stated another way, "when a plaintiff in a Title VII case proves that [consideration of an impermissible factor] played a motivating part in an employment decision, the defendant may avoid a finding of liability only by proving by a preponderance of the evidence that it would have made the same decision even if it had not taken [the impermissible factor] into account." *Id*. at 258.

The relevant portion of the Civil Rights Act of 1991 provides:

> On a claim in which an individual proves a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court —
>
> (i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title; and
>
> (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

42 U.S.C. § 2000e-5(g)(2)(B). Title 42 U.S.C. § 2000e-2(m) provides: "Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." For the reasons that follow, the court agrees with Luminant that these statutory provisions do not apply to a mixed-motive retaliation claim.

The plain and unequivocal language of section 2000e-2(m) does not include claims for retaliation. The statute specifically limits relief to litigants who establish that "race, color, religion, sex, or national origin was a motivating factor" for the unlawful employment practice. Simply stated, Carter did not prove a violation of section 2000e-2(m); that is, he did not prove that he was discriminated against because of his race, color, religion, sex, or national origin. The court, prior to trial, dismissed all claims of discrimination and most of the retaliation claims. Only two claims of retaliation remained at the time of trial. Retaliation is covered separately by 42 U.S.C. § 2000e-3(a), not section 2000e-2(m). Since Carter proved no violation of section 2000e-2(m), he is not entitled to an award of attorney's fees and costs.

Carter misreads *Smith v. Xerox Corporation*, which the court relied on in submitting a mixed-motive retaliation issue to the jury. *Smith* held that a mixed-motive jury instruction could be submitted to the jury on a retaliation claim. 602 F. 3d at 328-30. *Smith*, however, in no way held or intimated that a litigant was entitled to an award of attorney's fees and costs in a mixed-motive retaliation case. Indeed, the Fifth Circuit specifically stated, "[I]rrespective of the remedies available under [42 U.S.C. § 2000e-5(g)(2)(B)], we feel bound by *Price Waterhouse* on the issue whether in a Title VII retaliation case the motivating factor framework may be submitted to the jury." *Id*. at 329 n.28. The Fifth Circuit went on to state that the "*Price Waterhouse* holding remains our guiding light." *Id*. at 329.

The Fifth Circuit holds that the mixed-motive theory set forth in *Price Waterhouse* is "best viewed as a defense for an employer." *Smith*, 602 F.3d at 333 (footnote and citations omitted). Although the Civil Rights Act of 1991 overruled part of *Price Waterhouse* as to five specific categories of discrimination — race, color, religion, sex, and national origin — to the extent that a plaintiff may be entitled to declaratory relief, injunctive relief, and attorney's fees and costs, *it did not affect Price Waterhouse's* applicability with respect to mixed-motive retaliation claims. The Civil Rights Act of 1991 provides limited relief for those plaintiffs who fall within the five listed categories and prove that one or more of the categories was a motivating factor in the employer's adverse employment decision. Because *Price Waterhouse's* applicability, as it relates to mixed-motive retaliation claims, is unaffected by the Civil Rights Act of 1991, the jury's answer to Question No. 3 acts as a complete bar to any liability on the part of Luminant.

For the reasons herein stated, the section under which Plaintiff seeks attorney's fees and costs does not apply to a claim for retaliation in a mixed-motive case. Plaintiff's Motion for Attorneys' Fees will be denied.[*]

## III. Plaintiff's Motion to Retax Costs

Carter requests the court to retax costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. He contends that, because the jury answered Question No. 1 in his favor, taxing costs against him is improper and inequitable. Carter relies on 42 U.S.C. § 2000e-5(g), which the court has discussed extensively.

Luminant opposes the motion. Luminant contends that Plaintiff's motion is untimely because it was not filed, as required by Rule 59(e), within 28 days of entry of the court's judgment on January 27, 2012. Defendant also contends that Plaintiff is not entitled to costs under 42 U.S.C. § 2000e-5(g) or Rule 54(d)(1).

Technically, the court could consider the motion to retax costs as an attempt to amend the judgment, as the judgment specifically taxed "all allowable and reasonable costs of court" against Carter. This, however, would exalt form over substance. The court construes the motion as an objection pursuant to Rule 54(d)(1), which was timely filed.

---

[*]Plaintiff cites *Garcia v. City of Houston*, 201 F.3d 672 (5th Cir. 2000), as support for his argument that he is entitled to an award of attorney's fees and costs. "[T]he employer's success in its mixed-motive defense does not in itself bar an award of attorney's fees." *Id*. at 678. *Garcia*, however, was not a retaliation case; it involved a police officer who brought claims of discrimination based on race and national origin after he was denied a transfer to the Houston Police Department's Special Weapons and Tactics ("SWAT") team. *Id*. at 675. The award of attorney's fees was thus based on *Garcia's* success in showing that two specific categories — race and national origin — were motivating factors in the City of Houston Police Department's discriminatory decision to deny him a transfer to the SWAT team. Plaintiff has cited no Fifth Circuit authority or district court authority within this circuit that supports an award of attorney's fees in a mixed-motive retaliation case. Further, the court has not found any authority within this circuit to support an award of attorney's fees in a mixed-motive retaliation case.

First, for the reasons expressed in section II of this opinion, Carter is not entitled to costs. Second, with respect to Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). Carter sets forth no plausible reason why costs should not be taxed against him. His reasons are based on his arguments made pursuant to 42 U.S.C. § 2000e-5(g), and, for the reasons previously set forth by the court, reliance on this statute is misplaced. Further, Luminant is the prevailing party and is entitled to be awarded its costs. Contrary to Carter's assertion, he has not obtained any relief from Luminant. He in no way can be reasonably characterized as a prevailing party, and the court can think of no legal basis under these circumstances for it to not tax costs against Carter and tax them against Luminant.

Carter has lodged an objection that the witness reimbursement rate is excessive. The court agrees. Luminant concedes this point and agrees to reduce the amount requested for witness reimbursement to the $113 maximum per diem. The total amount of the reduction is $1,291.85. Accordingly, the court reduces the $9,952.71 taxed by the clerk of court to **$8,660.86**. The clerk's docket sheet shall reflect that the amount of costs to be taxed against Carter is **$8,660.86**.

## IV. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion for Attorneys' Fees and **denies** Plaintiff's Motion to Retax Costs. The court, for the reasons previously stated, **orders** that the clerk tax the amount of **$8,660.86** as costs against Anthony Carter.

**It is so ordered** this 18th day of May, 2012.

Sam A. Lindsay
United States District Judge